UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALLEN BRIDGET, SR** **#191215** | **CIVIL ACTION NO. 2:11-cv-424** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JOHN CRAWFORD** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff on March 15, 2011.  Doc. 1.  At the time plaintiff filed this complaint, he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was housed in the C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana.

On October 17, 2011, plaintiff filed a voluntary motion to dismiss without prejudice defendants James LeBlanc and Robert Henderson which motion was granted on May 31, 2012.[1]  Doc. 7.  On November 25, 2012, this court filed its second memorandum order [doc. 12] instructing plaintiff to provide additional information in support of his complaint.

On December 3, 2012, the memorandum order sent to plaintiff was returned to the court [doc. 13] with the notation "return to sender, refused, unable to forward."  The documents were mailed to plaintiff at the last address supplied.

---

[1] On October 24, 2011 the court issued an order dismissing the case in its entirety; however that order was vacated and an amended judgment dismissing only the claims against defendants LeBlanc and Henderson was signed on May 31, 2012.  In that judgment the clerk was further instructed to reopen the case as to defendant John Crawford.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Further, Local Rule (LR) 41.3 provides in part, "[t]he failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days has elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE